1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

TIMOTHY D. WILKINS,

Plaintiff,

v.

CORRECTIONAL OFFICER R. LOWE, et al.,

Defendants.

2:19-cv-09159 VAP-CFE

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

Judge:        The Honorable Virginia A. Phillips

Action Filed: September 6, 2019

I.    A.    PURPOSES AND LIMITATIONS.

Discovery in this action is likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the Parties hereby stipulate and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and

1

1 that the protection it affords from public disclosure and use extends only to the

2 limited information or items that are entitled to confidential treatment under the

3 applicable legal principles.  The Parties further acknowledge, as set forth in Section

4 12.3, below, that this Protective Order does not entitle the parties to file confidential

5 information under seal; Civil Local Rule 79-5 sets forth procedures that must be

6 followed and the standards that will be applied when a party seeks permission from

7 the court to file material under seal.

8    **B.   GOOD CAUSE STATEMENT.**

9    This Action is likely to involve production of confidential, proprietary, or

10 private information for which special protection from public disclosure and from

11 use for any purpose other than the defense or prosecution of this action is

12 warranted.  Such confidential and proprietary materials and information consist of:

13    (1)   California Department of Corrections and Rehabilitation ("CDCR")

14 records regarding the internal investigation into the incident alleged in the

15 Complaint, which may have the effect of causing harm to the safety and security of

16 prison officials, the public, or Defendant.  All birthdates, social security numbers,

17 home and work addresses, drivers' license numbers, home and work telephone

18 numbers, and identifying information of confidential informants and CDCR

19 employees will be redacted;

20    (2)   Records regarding processes, operations, investigations or other

21 information relating to CDCR, disclosure of which may have the effect of causing

22 harm to the safety and security of prison officials, the public, or Defendant.  This

23 includes, but is not limited to, institutional records, maps and diagrams,

24 photographs, audio or video recordings, witness statements, SMS or text messages,

25 and emails and other written correspondence.  Confidential information is also

26 personal information of Defendant, including but not limited to home address,

27 social security number, telephone number, email address, names or identifying

28 information of family members, the disclosure of which places the safety of

1   Defendant, who is a retired peace officer, and his family members at risk.

2   Confidential information also includes all personal identifying information of any

3   current or former CDCR employee, and any third party entitled to confidential

4   protection of personal identifying information under California and/or applicable

5   federal law.  All birthdates, social security numbers, home and work telephone

6   numbers, information about family members, and material identifying a

7   confidential informant or inmate-witness will be redacted;

8          (3)    Confidential information is also personal information of Plaintiff

9   generally, including but not limited to home address, birthdate, and social security

10  number, all of which will be redacted;

11         (4)    Portions of Plaintiff Timothy D. Wilkins's prison records that includes

12  confidential information related to third parties that is subject to privacy rights, such

13  as other inmates' names or identifying information;

14         (5)    Any material that would reveal the identity of a confidential informant or

15  inmate witness; and

16         (6)    Information not generally made available to the public, or which may be

17  privileged or otherwise protected from disclosure under state or federal statutes,

18  court rules, case decisions, or common law.

19         Accordingly, to expedite the flow of information, to facilitate the prompt

20  resolution of disputes over the confidentiality of discovery materials, to adequately

21  protect information the Parties are entitled to keep confidential, to ensure that the

22  Parties are permitted reasonable necessary uses of such material in preparation for

23  and in the conduct of trial, to address their handling at the end of the litigation, and

24  to  serve the ends of justice, a protective order for such information is justified in

25  this matter.  It is the intent of the Parties that information will not be designated as

26  confidential for tactical reasons and that nothing be so designated without a good

27  faith belief that it has been maintained in a confidential, non-public manner, and

28  there is good cause why it should not be part of the public record in this case.

1

2
3

**C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL.**

4   The Parties further acknowledge, as set forth in Section 12.3, below, that this

5   Protective Order does not entitle them to file confidential information under seal;

6   Local Civil Rule 79-5 sets forth the procedures that must be followed and the

7   standards that will be applied when a Party seeks permission from the Court to file

8   material under seal.

9   There is a strong presumption that the public has a right of access to judicial

10   proceedings and records in civil cases.  In connection with non-dispositive motions,

11   good cause must be shown to support a filing under seal.  *See Kamakana v. City*

12   *and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen.*

13   *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony*

14   *Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999).  The Parties' mere

15   designation of Disclosure or Discovery Material as "CONFIDENTIAL" does not—

16   without the submission of competent evidence by declaration, establish that the

17   material sought to be filed under seal qualifies as confidential, privileged, or

18   otherwise protectable—constitute good cause.

19   Further, if a party requests sealing related to a dispositive motion or trial, then

20   compelling reasons, not only good cause, for the sealing must be shown, and the

21   relief sought shall be narrowly tailored to serve the specific interest to be protected.

22   *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

23   each item or type of information, document, or thing sought to be filed or

24   introduced under seal in connection with a dispositive motion or trial, the party

25   seeking protection must articulate compelling reasons, supported by specific facts

26   and legal justification, for the requested order.  Again, competent evidence

27   supporting the application to file documents under seal must be provided by

28   declaration.

4

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**II.   DEFINITIONS.**

2.1   <u>Action</u>:    this pending federal suit, *Wilkins v. Lowe, et al.*, Case No. 2:19-cv-09159-VAP (CFE).

2.2   <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   <u>"CONFIDENTIAL" Information or Items</u>:    information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26 (c), and as specified above in the Good Cause Statement.

2.4.   <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY:"</u>   extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5.   <u>Counsel</u>:   Counsel of record and House Counsel (as well as their support staff).

2.6.   <u>Designating Party</u>:   a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7.   <u>Disclosure of Discovery Material</u>:   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced

or generated in informal discovery, disclosures or responses to discovery in this matter.

2.8. <u>Expert</u>:    a person with specialized knowledge or experience in a matter pertinent to the litigation, who has been retained by a Party or its counsel to serve as an expert witness or consultant in this Action.

2.9. <u>House Counsel</u>:    attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. <u>Non-Party</u>:    any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11. <u>Outside Counsel of Record</u>:    attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action including those who have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff.

2.12. <u>Party</u>:    any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:    a Party or Non-Party that produces Disclosures or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>:    persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>:     a Party that receives Disclosure or Discovery Material from a Producing Party.

**III.  SCOPE.**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conservations, or presentations by the Parties, In-House Counsel, or  Outside Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**IV.  DURATION.**

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extensions of time pursuant to applicable law.

**V.  DESIGNATING PROTECTED MATERIAL.**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection:</u>

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that were designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   <u>Manner and Timing of Designations</u>:     Except as otherwise provided in this Order (see, e.g. second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or ""CONFIDENTIAL – ATTORNEYS' EYES ONLY", to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings on the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has

identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portions(s) (e.g., by making appropriate markings on the margins).

(b)   For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony or in writing within thirty (30) days after receipt of the transcript.

(c)   For information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.  Inadvertent Failures to Designate:   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VI.  CHALLENGING CONFIDENTIAL DESIGNATIONS.**

6.1   Timing of Challenges:    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2   <u>Meet and Confer</u>:    The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**VII. ACCESS TO AND USE OF PROTECTED MATERIAL.**

7.1.   <u>Basic Principles</u>:    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action is terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose this information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined by this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   court reports and their staff;

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient or a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   during depositions, the witness, and the attorneys for witness, in the Action to whom disclosure is reasonably necessary provided: (1) the witness and attorneys for the witness have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j)   any other person that the Designating Party agrees to in writing.

**UNDER NO CIRCUMSTANCES SHOULD MATERIAL DESIGNATED "CONFIDENTIAL" BE DISCLOSED TO NON-PARTY INMATES, WHETHER THEY ARE ASSISTING PLAINTIFF IN THE PROSECUTION OF THIS ACTION OR OTHERWISE.**  Material Designated "Confidential – Attorneys' Eyes Only" Shall Not Be Disclosed To Plaintiff Or Non-Party Inmates,

1   Whether They Are Assisting Plaintiff In The Prosecution Of This Action Or

2   Otherwise.

3        In the event that current counsel no longer represents Plaintiff in this Action,

4   counsel of record will not give Plaintiff documents designated as "Confidential—

5   Attorneys' Eyes Only."

6        7.3.   Before disclosure of Confidential Information or Items to any person in

7   categories c, f, h, and/or j above, each such person will be provided with a copy of

8   this Protective Order and shall execute an "Acknowledgment and Agreement to Be

9   Bound" (Exhibit A).  The qualified persons listed above shall not distribute,

10  disclose, or otherwise publish or make available CONFIDENTIAL Information or

11  Items to any third person unless consented to in writing by the Designating Party,

12  or permitted to do so by the Court.

13       7.4   <u>Items to be Disclosed and Manner of Disclosure</u>

14       (a)   Pursuant to the Parties' agreement, Defendant will produce the

15  following documents, redacted where necessary, which will be marked

16  "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."  The documents are

17  related to Plaintiff's prison administrative grievance CMC-E-19-00290:

18            (i)   Notice of Interview re: Complaint Against Staff (CDCR Form

19  602) Log # CMC-E-19-00290;

20            (ii)   Advisement of Rights – Appeal Inquiry (CDCR Form 602 –

21  Complaint Against Staff) Log # CMC-E-19-00290;

22            (iii)  Notification of Staff Complaint;

23            (iv)  Confidential Supplement to Appeal "Appeal/Allegation

24  Inquiry;"

25            (v)   Assignment Roster – January 6, 2019 (Facility F- S);

26            (vi)  Appeal Inquiry Chronological Tracking Worksheet;

27            (vii) Determination of Staff Complaint;

28            (viii) CDCR Academy Use of Force Training Materials; and

1        (ix)  Assignment Roster – January 6, 2019 (Facility A- F).

2

3    **VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

4        If a Party is served with a subpoena or a court order issued in other litigation

5    that compels disclosure of any information or items designated in this Action as

6    "CONFIDENTIAL," that Party must:

7        (a)    promptly notify in writing the Designating Party.  Such notification

8    shall include a copy of the subpoena or court order;

9        (b)    promptly notify in writing the party who caused the subpoena or

10   order to issue in the other litigation that some or all of the material covered by the

11   subpoena or order is subject to this Protective Order.  Such notification shall

12   include a copy of this Protective Order; and

13       (c)    cooperate with respect to all reasonable procedures sought to be

14   pursued by the Designating Party whose Protected Material may be affected.

15       If the Designating Party timely seeks a protective order, the Party served with

16   the subpoena or court order shall not produce any information designated in this

17   action as "CONFIDENTIAL" before a determination by the Court from which the

18   subpoena or order issued, unless the Party has obtained the Designating Party's

19   permission.  The Designating Party shall bear the burden and expense of seeking

20   protection in that court of its confidential material and nothing in these provisions

21   should be construed as authorizing or encouraging a Receiving Party in this Action

22   to disobey a lawful directive from another court.

23

24   **IX.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.**

25       (a)    The terms of this Order are applicable to information produced by a Non-

26   Party in this action and designated as "CONFIDENTIAL."  Such information

27   produced by Non-Parties in connection with this litigation is protected by the

28

remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly notify the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons

to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**XI.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

If a Producing Party inadvertently produces information or documents that it considered privileged, in whole or in part, it may retrieve such information or documents or parts thereof as follows:

(a) Within twenty (20) days of the discovery of the inadvertent production, and no later than forty-five (45) days prior to trial, the Producing Party must give written notice to all parties who received copies of the produced document that the Producing Party claims said document, in whole or in part, to be privileged and must state the nature of the privilege; in the event that only part(s) of document(s) are claimed to be privileged, the Producing Party shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be privileged, to all parties together with the notice (the "Inadvertent Production of Privileged Materials Notice").

(b) Upon receipt of such inadvertent Production of Privileged Materials Notice, all parties who have received copies of the inadvertently produced document(s) shall destroy all other copies thereof and confirm destruction thereof except to the extent reasonably necessary and promptly present the information to the Court under seal for determination of the claim pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

(c) After service of such notice, no motion to compel the production of the inadvertently produced privileged documents may rely on an

1    allegation that any privilege as to the documents was waived solely by

2    virtue of its inadvertent production.

3  **XII. MISCELLANEOUS.**

4    12.1 <u>Right to Further Relief</u>:   Nothing in this Order abridges the right of any

5  person to seek its modification by the Court in the future.

6    12.2 <u>Right to Assert Other Objections</u>:   By stipulating to the entry of this

7  Protective Order, no Party waives any right it otherwise would have to object to

8  disclosing or producing any information or item on any ground not addressed in

9  this Protective Order.  Similarly, no Party waives any right to object on any ground

10  to use in evidence of any of the material covered by this Protective Order.

11    12.3 <u>Filing Protective Material</u>:      A Party that seeks to file under seal any

12  Protected Material must comply with Civil Local Rule 79-5.  Protected Material

13  may only be filed under seal pursuant to a court order authorizing the sealing of the

14  specific Protected Material at issue.  If a Party's request to file Protected Material

15  under seal is denied by the Court, then the Receiving Party may file the information

16  in the public record unless otherwise instructed by the Court.

17  **XIII.  FINAL DISPOSITION.**

18    After the final disposition of this Action, as defined in paragraph 4, within 60

19  days of a written request by the Designating Party, each Receiving Party must

20  return all Protected Material to the Producing Party or destroy such material.  As

21  used in this subdivision, "all Protected Material" includes all copies, abstracts,

22  compilations, summaries, and any other format reproducing or capturing any of the

23  Protected Material.  Whether the Protected Material is returned or destroyed, the

24  Receiving Party must submit a written certification to the Producing Party (and, if

25  not the same person or entity, to the Designating Party) by the 60 day deadline that

26  (1) identifies (by category, where appropriate) all the Protected Material that was

27  returned or destroyed, and (2) affirms that the Receiving Party has not retained any

28  copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contained Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION).

## XIV.  VIOLATION.

Any willful or reckless violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and /or monetary sanctions, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED.**

DATED: August 11, 2023          PASICH LLP

By:    */s/ Caitlin Oswald*
_____
Caitlin Oswald

Attorneys for Plaintiff

DATED: August 11, 2023          ATTORNEY GENERAL'S OFFICE

By:    */s/ Corinna Arbiter*
_____
Corinna Arbiter
Deputy Attorney General

Attorneys for Defendants

1

## ATTESTATION

2
3
4
5

        Pursuant to L.R. 5-4.3.4, I hereby attest that all other signatories listed, and
on whose behalf the filing is submitted, concur in the filing's content and have
authorized the filing.  I further attest that I have on file documentation of his
authorization.

6

DATED: August 11, 2023                PASICH LLP

7
8

                                      By:    /s/ Caitlin Oswald
                                             Caitlin Oswald

9

                                      Attorneys for Plaintiff

10
11
12

        **IT IS SO ORDERED.**

13
14
15

Dated: _____8/11/2023_____      _____

16

                                      The Honorable Charles F. Eick
                                      United States Magistrate Judge

17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Central

District of California on [date]_____ in the case of *Wilkins v. Lowe, et.*

*al.*, No. 2:19-cv-09159 VAP (CFE).  I agree to comply with and to be bound by all

the terms in this Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Protective Order to any person or entity except in strict

compliance with the provisions of this Order.  I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.  I hereby

appoint_____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature:   _____